D ε F

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

January 8, 2014

**By E-Mail**

Peter W. Tomlinson
(212) 336-2977
Direct Fax:  (212) 336-2343
pwtomlinson@pbwt.com

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   *Nomura Asset Acceptance Corp. Alt. Loan Trust, Series 2007-1, by HSBC*
> *Bank USA, Nat'l Ass'n v. Nomura Credit & Capital, Inc.,*
> Index No. 13-cv-3138 (JPO)

Dear Judge Oetken,

We represent non-parties Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation (collectively "Ambac").  In accordance with the Court's request at the December 13, 2013 conference in the above-captioned matter, we write to address the argument made by Defendant Nomura Credit & Capital, Inc. ("Nomura") in its motion to dismiss that Ambac is an indispensable party under Federal Rule of Civil Procedure 19.  As explained below, Ambac disagrees with Nomura's contention that Ambac is an indispensable party in this case, and Ambac is prepared to have this litigation proceed in this Court without Ambac as a party.

Ambac was surprised to learn of Nomura's new-found concern about potential prejudice to Ambac's rights, given that Nomura recently moved to dismiss Ambac's pending state-court litigation on the grounds that Ambac has no standing to bring the case.  Ambac, in its opposition to Nomura's fully briefed motion to dismiss the state-court action, disputes Nomura's standing argument.  Ambac is an express third-party beneficiary of the applicable agreements and, under New York law, has the right to enforce those agreements independent of Plaintiff HSBC Bank USA.

The Honorable J. Paul Oetken
January 8, 2014
Page 2

**Ambac's Lawsuit Involves an Additional Transaction, an Additional Party,
and Distinct Legal Issues Not Present in HSBC's Case Against Nomura**

Ambac has sued Nomura and its parent corporation, Nomura Holding America
Inc., in New York state court. *Ambac Assurance Corp. v. Nomura Credit & Capital, Inc.*, Index
No. 651359/2013 (Sup. Ct. N.Y. Cnty.). Ambac's case is pending before Justice Marcy S.
Friedman. Ambac's state-court action is significantly different from HSBC's case against
Nomura before this Court. First, Ambac's case is based on two RMBS securitizations: Nomura
Asset Acceptance Corp. ("NAAC") Alternative Loan Trust, Series 2007-1 (the deal at issue in
this case), and NAAC Alternative Loan Trust Series, 2007-3, a separate deal not at issue in this
case. Nomura's statement to the Court at the December 13, 2013 conference that Ambac's state-
court case "involves exactly the same trusts, exactly the same certificates, [and] exactly the same
reps and warranties" as this case (Transcript at 4) is not accurate. Second, Ambac has also sued
Nomura's parent on an alter ego theory, a claim that the trustee has not asserted in the instant
case. Third, the Ambac case involves different legal issues. Justice Friedman held oral
argument on Nomura's motion to dismiss on November 13, 2013 and has scheduled a January
28, 2014 pre-motion conference on Nomura's motion to stay discovery pending the decision on
the motion to dismiss.

**Rule 19 Inquiry**

The Court should allow this case to proceed without Ambac as a party. In
deciding whether Ambac is an indispensable party under Rule 19, the relevant inquiry is whether
Ambac's "ability to protect [its] interest" will be impaired if the action moves forward in its
absence, and whether Nomura would be "subject to a substantial risk of incurring double,
multiple, or otherwise inconsistent obligations" if Ambac is not joined. Rule 19(a)(1)(B). In its
motion to dismiss and at the December 13 conference, Nomura argued that both Nomura and
Ambac may be prejudiced if this case proceeds in Ambac's absence. Nomura argues that Ambac
may be prejudiced because it may be collaterally estopped from re-litigating certain issues
decided in this case in its state-court action. In addition, Nomura argues that it may be forced to
pay a double recovery in light of Ambac's state-court case.

We acknowledge that Ambac's state-court suit raises certain issues that are also
present in this case and that there is a possibility that this Court may decide some of the
overlapping issues before they are decided by Justice Friedman. While we do not concede that
Ambac would be subject to collateral estoppel as to those issues, Ambac recognizes that the
collateral estoppel inquiry is complex and fact-specific and that there is a possibility that Justice
Friedman could find that Ambac is collaterally estopped from re-litigating certain issues decided
by this Court in this case. However, we submit that the Court should not construe that possibility
as prejudice to Ambac that would trigger Rule 19 concerns. Ambac accepts the risk of collateral
estoppel and believes this case should still proceed without its joinder. Indeed, as a plaintiff,
Ambac's primary interest is in moving its own case along, not in re-litigating issues already

The Honorable J. Paul Oetken
January 8, 2014
Page 3

resolved by this Court.  Ambac anticipates that this Court's resolution of certain issues in this case will be a benefit for Ambac because it will create efficiencies in Ambac's state-court case.

We also note that there are a number of issues in Ambac's action that are distinct from the issues presented in this case, as to which Nomura cannot plausibly argue that Ambac faces any risk of collateral estoppel.  For example, Ambac's alter ego claim raises legal issues not present here.  Furthermore, while this case and Ambac's case both involve the interpretation of the same "sole remedy" provision in the 2007-1 transaction documents, the legal arguments are quite different, such that there is no risk of collateral estoppel.  *See Buechel v. Bain*, 97 N.Y.2d 295, 303-04 (2001) (collateral estoppel requires identity of legal issues).  Ambac's arguments regarding the sole remedy provision – i.e., that it is inapplicable to Ambac on its face because Ambac is not named in the provision and, separately, that this omission was intentional because Ambac was expressly named in another sole remedy provision in the same transaction documents – are quite different from HSBC's arguments regarding the applicability of the sole remedy provision to the trustee's claims.

Finally, Nomura's purported concern that it may be forced to pay damages twice for the same conduct is a red herring and wrongly assumes that HSBC and Ambac are seeking identical damages.  To the extent both actions seek similar or the same relief, Ambac is not seeking to force Nomura to pay twice for the same conduct.  Any concerns of Nomura along these lines can easily be addressed by this Court and by Justice Friedman.  Courts routinely craft awards to protect defendants against paying twice for the same conduct.  *See, e.g., Evergreen Marine Corp. v. Welgrow Int'l*, 942 F. Supp. 201, 206 (S.D.N.Y. 1996) (rejecting defendant's argument that it faced inconsistent obligations from New York action and separate indemnification action involving same facts, because "[t]wo different results regarding liability will result in only one obligation, an obligation to pay damages" and although the defendant "might be faced with different damage awards, the obligations in both cases – to pay damages – will be completely consistent" because the defendant "will not have to pay more than the amount of the larger judgment"); *Balcom v. Rosenthal & Co.*, No. 96 C 6310, 1997 U.S. Dist. LEXIS 20842, at *16 (N.D. Ill. Jan. 2, 1998) (finding no potential for double recovery where plaintiff prosecuted concurrent litigation against overlapping defendants and noting that, "[i]f [plaintiff] recovers on his conversion claim . . . , the defendants may demonstrate this recovery and request that it be taken into account in computing any damage award arising in the instant action").

For all of the foregoing reasons, we respectfully submit that it is not necessary for Ambac to be joined as an indispensable party.

Respectfully submitted,

Peter W. Tomlinson

cc:    All Counsel