```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
NOMURA ASSET ACCEPTANCE                                      :
CORPORATION ALTERNATIVE LOAN                                 :
TRUST, SERIES 2007-1, by HSBC BANK USA,                      :      13 Civ. 3138 (JPO)
N.A., in its capacity as trustee,                            :
                                      Plaintiff,             :      OPINION AND ORDER
                                                             :
                        -against-                            :
                                                             :
NOMURA CREDIT & CAPITAL, INC.,                               :
                                      Defendants.            :
                                                             :
------------------------------------------------------------ X
```

J. PAUL OETKEN, District Judge:

Plaintiff,[1] a residential mortgage-backed securities trust, brings this action against Defendant, the "sponsor" of the trust. Plaintiff alleges that Defendant misrepresented the quality of a substantial portion of the mortgages it packaged in the trust. This Court does not reach the merits of that claim because, for the reasons that follow, it lacks subject matter jurisdiction over this action. Therefore, Defendant's motion to dismiss is granted and Plaintiff's complaint is dismissed without prejudice.

**I.    Background**

Defendant Nomura Credit & Capital, Inc., ("Nomura") created Plaintiff Nomura Asset Acceptance Corporation Alternative Loan Trust, Series 2007-1, (the "Trust") through a Pooling and Servicing Agreement ("PSA") dated April 1, 2007. The trust was settled under New York common law, with HSBC as the trustee, GMAC Mortgage LLC and Wells Fargo as servicer and master servicer (respectively), and a pool of residential mortgages as the trust res. The trust

---

[1] Exactly who is suing here is the subject of some dispute and, ultimately, will be dispositive of the issue at hand.

1

received the pool of mortgage loans in May of 2007 and issued securities—known as "certificates"—using the pool of loans as collateral shortly thereafter. One of the buyers of the certificates was American International Group, Inc. ("AIG").

Nomura made certain representations and warranties as to the quality of the loans in the trust and promised to "repurchase" any loans that failed to meet the warranted conditions. Plaintiff alleges that Nomura breached the PSA by misrepresenting the quality of the loans and failing to repurchase them when various entities gave notice that the loans were defective. Defendant has moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that this court lacks subject matter jurisdiction and that the Plaintiff has failed to state a claim on which relief can be granted. Because this Court concludes that it lacks jurisdiction to hear this case, it does not address Defendant's Rule 12(b)(6) motion.

## I.  Discussion

### A.  Legal Standard

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff "asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d. Cir. 2000). If a factual dispute arises in the context of a 12(b)(1) motion, the Court may consider evidence outside the pleadings. *Id.* (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). Well-pleaded facts are taken as true, but the plaintiff is not entitled to all favorable inferences that can be drawn from those facts. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)).

### B.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Plaintiffs assert diversity of citizenship as the only ground for invoking that limited jurisdiction. While Article III of the Constitution

requires only minimal diversity—that is, diversity of citizenship between any two parties on opposite sides of an action—the diversity jurisdiction statute requires more. *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530-31 (1967). A case can be heard in federal court on the basis of diversity of citizenship only if no two parties on opposite sides of a case are from the same state. *Id.* In this case, Plaintiff is a New York common-law trust bringing an action "by and through" a National Banking Association whose principal place of business is Virginia; Defendant is a Delaware corporation whose principal place of business is New York.

The question is how to determine the citizenship of a trust. Courts are split. *See Emerald Investors v. Gaunt Parsippany Partners*, 492 F.3d 192, 198-99 (3rd Cir. 2007) ("[T]he method for determination of a trust's citizenship rather than being settled is a subject of great differences of opinion."). Several options present themselves: (1) The trust could be a citizen of wherever its trustee is a citizen; (2) the trust could be a citizen of wherever its beneficiaries are citizens; (3) the trust could be a citizen of wherever its beneficiaries *and* its trustee are citizens; (4) the trust could be a citizen of the state whose laws created it; or (5) the trust could share the citizenship of whatever person or entity is in charge of the litigation—if the trustee controls the litigation, the trustee's citizenship controls, but if the beneficiaries control the litigation, their citizenship controls. *See id.* at 201-04.

At the outset, the Court notes that options two and three above will produce the same result in this case. Because one of the beneficiaries of the trust—AIG—is a New York citizen, the Court would lack subject matter jurisdiction if it considers the beneficiaries at all, regardless of the citizenship of the trustee. Therefore, the question in this case is whether to consider the citizenship of the trustee *or* the beneficiaries, rather than the citizenship of the trustee *and* the beneficiaries.

The penultimate option is foreclosed by the Supreme Court's holding in *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), and the long line of precedent upon which it relies: only corporations are treated as citizens of the state that created them. *See, e.g.*, *FMAC Loan Receivable Trust 1997-C v. Strauss*, 2003 WL 1888673 (S.D.N.Y. Apr. 14, 2003) ("[*Carden* held that] whether legal entities other than corporations . . . ought to be analogized to corporations for diversity of citizenship purposes was a matter for Congress, not the courts.").

So, the question becomes: in determining the citizenship of a trust, should courts look to the citizenship of the trustee or the citizenship of the beneficiaries? "[T]he Second Circuit has not spoken on the question . . . ." *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 226 (S.D.N.Y. 2013) (Nathan, J.)).[2] And courts within this district are split on this exact question. *Compare id.*, *with Manufacturers and Traders Trust v. HSBC Bank USA*, 564 F. Supp. 2d 261, 263-64 (S.D.N.Y. 2008).

The Supreme Court of the United States has spoken to similar issues twice. In *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980), the Court held that, where trustees of an express business trust sue in their own names, the citizenship of the plaintiff is determined by the citizenship of the trustee, provided that the trustee has "certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.* at 464. Where a trustee brings the action in her own name, *and* where she is a bona fide trustee, she is entitled to rely on her own citizenship for diversity purposes. *Id.* at 462 ("[T]rustees of an express trust are entitled to bring diversity actions in their own names and upon the basis of their own citizenship.").

---

[2] *Catskill Dev., L.L.C. v. Park Place Entmt Corp.*, 547 F.3d 115, 123–24 (2d Cir. 2008) (Sotomayor, J.), did not decide the issue. *See Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 226 (S.D.N.Y. 2013).

In *Carden*, 494 U.S. 185, the Court held that a limited partnership's citizenship is to be judged by the citizenship of *each* of its "members," limited or otherwise. *Carden* explicitly rejected the argument that *Navarro* changed the basic rules for a trust. "*Navarro*," the Court wrote, "had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees *in their own names*." *Id.* at 192-93 (emphasis added). Nonetheless, *Carden* was a case about limited partnerships, not trusts. So the question remains: does *Carden* apply to an express trust?

Several courts have cited *Navarro* for the broad proposition that a trust takes the citizenship of the trustee. *E.g.*, *Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397–98 & n.6 (5th Cir. 2009); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 48 (7th Cir. 2006) (Easterbrook, J.) ("The citizenship of a trust is that of the trustee . . . ."); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (Fletcher, J.) ("A trust has the citizenship of its trustee or trustees."); *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed. App'x 731, 732 (6th Cir. 2002) (unpublished); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317–319 (7th Cir. 1998); *Manufacturers and Traders Trust v. HSBC Bank USA (MTT)*, 564 F. Supp. 2d 261 (S.D.N.Y. 2008). But some of these cases do not address *Carden* at all, and most are not concerned—at least as a principal matter—with the issue facing the Court here. *Cf. Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 224 (S.D.N.Y. 2013) (Nathan, J.) ("The courts . . . that have concluded that the citizenship of a trust turns exclusively on the citizenship of its trustees have not been presented with th[is] question . . . because the trustees have sued in their own names, or have failed to squarely address the question and instead relied, without analysis, on *Navarro* as controlling.") (citing *Catskill*, 547 F.3d at 123–24, *Mullins*, 564 F.3d at 397–98 & n. 6; *Hicklin Eng'g*, 439 F.3d at 347–48; *Johnson*, 437 F.3d 894, 900; *Homfeld II*, 53 Fed. App'x at 732); *see also MTT*, 564 F. Supp. 2d 261 (relying on *Navarro* and not citing *Carden*).

On the other hand, several courts have relied on *Carden* to distinguish *Navarro* and have held that the citizenship of a trust is determined—at least in part—by the citizenship of its beneficiaries.  *E.g.*, *Emerald Investors v. Gaunt Parsippany Partners*, 492 F.3d 192, 203-04 (3d Cir. 2007); *Riley v. Merrill Lynch, Pierce, Fenner, & Smith*, 292 F.3d 1334, 1337 (11th Cir. 2002), *abrogated in part on other grounds as recognized in Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1348 (11th Cir. 2008); *Mills*, 921 F. Supp. 2d at 226; *Arias v. Budget Truck Trust I*, 2009 WL 604864, at *1, (E.D.N.Y. Mar. 5, 2009); *FMAC Loan Receivable Trust 1997–C v. Strauss*, 2003 WL 1888673, at *1 (S.D.N.Y. Apr. 14, 2003); *Pavlov v. Bank of N.Y. Co.*, 135 F. Supp. 2d 426, 432 (S.D.N.Y. 2001), *vacated on other grounds* 25 Fed. App'x 70 (2d Cir. 2002); *Yueh-Lan Wang ex. rel. Wong v. NM-US Trust*, 841 F. Supp. 2d 198 (D.D.C. 2012) (Boasberg, J.).[3]

The problem with the cases that look only to the trustee is that they ignore *Carden*.  To hold that *Navarro* controls when the action is brought in the name of the trust ignores the *Carden* Court's clear statement that *Navarro* did not decide how to determine the citizenship of a trust.  494 U.S. at 192-93 ("*Navarro* had nothing to do with the citizenship of the 'trust . . . .'").  Absent *Navarro*, the *Carden* Court reiterated the general rule, which the Court has followed with "admirable consistency."  *Id.* at 189.  "Artificial entities"—that is to say, organizations *other* than corporations[4]—have the citizenship of *all* their members.  *Id.*

---

[3] Defendants argue that *Quantlab Financial v. Tower Research Capital*, 715 F. Supp. 2d. 542 (S.D.N.Y. 2010) decided the issue in their favor.  It did not.  *Compare* (Dkt. No. 14, Defendant's Memorandum of Law in Support of Motion to Dismiss at 16) ("[*Quantlab*] hold[s] that diversity jurisdiction should consider citizenship of both trustees and beneficiaries[.]"), *with Quantlab*, 715 F. Supp. 2d. at 547 n.2 ("While the citizenship of a trust may also depend on the citizenship of a trust's beneficiaries, *this action does not present an occasion to address this issue*.") (emphasis added).

[4] There is one possible exception: certain creatures of Puerto Rican civil law that are more or less identical to corporations. *See Puerto Rico v. Russell & Co.*, 288 U.S. 476 (1933).

*Carden*'s use of the word "members" to describe the interest-holders in an unincorporated association—such as a trust—might suggest that it did not mean to cover trusts because, as a matter of general legal usage, one does not ordinarily refer to any of the parties to a trust as "members." *See Emerald Investors*, 492 F.3d at 203 ("[S]o far as we are aware, historically the term 'members' has not been applied in the context of a trust."). Two observations suffice to dismiss this objection. First, the *Carden* Court viewed trusts as analogous to the unincorporated associations it specifically addressed. Otherwise, why the extended discussion of *Navarro*? Second, the *Carden* Court reinforced the "doctrinal wall" separating corporations from *all other* unincorporated associations for the purposes of diversity jurisdiction. *See Carden*, 494 U.S. at 189 (citing *Steelworkers v. R.H. Bouligny, Inc.*, 382 U.S. 145, 151 (1965)). If the world of diversity jurisdiction is divided between corporations on one side of the wall, and every other kind of organization on the other, it would be incongruous to treat trusts differently from all other artificial entities merely because lawyers do not ordinarily refer to trustees, settlors, and beneficiaries as "members" of the trust. *Carden*'s use of the word "members," therefore, does not relieve this Court of the responsibility to decide whether that case applies to trusts.

  This Court concludes that *Carden* applies to trusts. The thorough and well-reasoned opinions of Judges Greenberg, Nathan, and Boasberg are persuasive on the point. *See Emerald Investments*, 492 F.3d 192 (Greenberg, J.); *Mills*, 921 F. Supp. 2d 219 (Nathan, J.); *Yueh-Lan*, 841 F. Supp. 2d 198 (Boasberg, J.). These opinions recognize that *Navarro* was a case in which the *trustee* sued—and recognize that *Carden* found that fact dispositive. So they reject the trustee-only approach. Similarly, these courts reject the real-party in interest test—option (5) above—as inconsistent with *Carden*. The real-party test applies only when the suit is in the name of the trustee. *Carden*, 494 U.S. at 187 n.1.

The rule is, accordingly, as follows: where the action is brought in the name of the trust, the citizenship of the beneficiaries—at least in part—controls.  Courts need inquire no further.  Where the action is brought in the name of the trustee, courts must inquire into whether the trustee is more than just a "sham" who has no real power to control the litigation or the property at issue.  *Navarro*, 446 U.S. at 465.  If the trustee possesses "certain customary powers to hold, manage, and dispose of assets for the benefit of others," *id.* at 464, she is not a sham trustee, and her citizenship controls. If she does not possess those customary powers, courts will look to the real party who does.

This rule might seem overly technical.  After all, it places much weight on the name of the parties in the caption, a fact that rarely has legal significance.  It exalts form over function.  But exalting form over function accords with the Supreme Court's interpretation of § 1332.  *E.g.*, *Carden*, 494 U.S. at 195 ("The resolutions we have reached above can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations . . . .  But . . . that has been the character of our jurisprudence in this field . . . .").  And the rule is easy to apply—and, therefore, leads to predictability and uniformity of results.  Even if there are thousands of beneficiaries to a given trust, courts need only find one from the same state as the opposing party.  *Contra MTT*, 564 F. Supp. 2d at 263 ("[T]he only efficient and practical course to prosecute the action [where there are many beneficiaries of a trust] is for the . . . trustee to be treated as a representative party in any lawsuit involving a trust.")  Because jurisdictional decisions ought to be made at the beginning of a court's inquiry, the ease with which those decisions may be made is of particular importance.

This Court has decided to consider the citizenship of the trustee when the action is brought in her name and to consider that of the beneficiaries when the action is brought in the name of the trust.  The dispositive question, then, is who is suing Nomura.

>Plaintiff's First Amended Complaint reads:
>
>"Plaintiff, Nomura Asset Acceptance Corporation Alternative Loan Trust, Series 2007-1 (the 'Trust' or 'NAA 2007-1'), acting by and through HSBC Bank USA, National Association, not individually but solely in its capacity as Trustee (the 'Trustee' or 'HSBC') of the Trust acting by and through its attorneys McKool Smith P.C. and at the direction of certain holders of residential mortgage-backed securities issued by the Trust, brings this complaint . . . ."

(Dkt. No. 41.) The Plaintiff is captioned "NOMURA ASSET ACCEPTANCE CORPORATION ALTERNATIVE LOAN TRUST, SERIES 2007-1, by HSBC BANK USA, N.A., in its capacity as trustee." *Id.* (capitalization in original).

The complaint says the trust is bringing the action. Perhaps, though, the phrase "by and through" can be stretched to mean that the entity through whom the action is brought is the plaintiff. But if the phrase "by and through" in the complaint meant that HSBC is the plaintiff, then the fact that HSBC is acting "by and through" counsel, McKool Smith, would make *counsel* the plaintiff. *Id.* That cannot be right.

Plaintiff is the Trust and, therefore, the Court will look to the citizenship of its beneficiaries to determine its citizenship. One of the beneficiaries of the trust is AIG. (*See* Dkt. No. 15, Craner Declaration, Ex. G.) "AIG is a Delaware corporation whose principal place of business is in New York, New York." *Duncan v. Am. Int'l Grp., Inc.*, 2002 WL 31873465, at *1 (S.D.N.Y. Dec. 23, 2002); *see also* Dkt. No. 15, Craner Declaration, Exhibit L. A corporation is treated as a citizen of both its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c). AIG—and, therefore, the Trust—are New York citizens. Accordingly, diversity is defeated and this Court lacks subject matter jurisdiction.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED, and this case is dismissed without prejudice.

The Clerk of Court is directed to close the entry at Docket No. 13.

SO ORDERED.

Dated: June 24, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge